PONDER, Justice.
 

 This is an appeal from a judgment for the balance due on a verbal contract of sale.
 

 The plaintiff sold the defendant a restaurant, bar and sandwich business located at 232 North Carrollton Avenue, including all the stock, fixtures and furniture therein. The contract of sale was not reduced to writing. The plaintiff claimed that the consideration of this sale was the sum of $2500 and that the defendant is due him this amount less a credit of $114 previously paid by the defendant. The plaintiff asked for judgment accordingly. In connection with this proceeding the plaintiff obtained a writ of sequestration. The defendant denied being indebted to the plaintiff in any amount and claimed that the consideration of the sale was $188.10. The. defendant claimed that the amount of $188.10 was paid according to his agreement with the plaintiff as follows: $74 to the American Brew
 
 *1040
 
 ing Company, plaintiff’s indebtedness; $30 for various items, plaintiff’s indebtedness; and $84 by check to plaintiff, making a total of $188.10. The defendant interposed a plea of estoppel based on the check calling for $84 given the plaintiff as part of the consideration, which contained a notation in the lower left-hand corner, viz.: “Balance in full purchase of Friendly Inn from George Thurston 232 N. Carroll-ton Avenue.” This check is written, dated and signed by the defendant and made payable to the order of the plaintiff. The defendant asked for the rejection of the plaintiff’s demand. Upon trial the lower court gave the plaintiff judgment and the defendant has appealed.
 

 After a careful review of the record we have arrived at the conclusion that the judgment of the lower court .is correct. The plaintiff testified that the consideration of the sale was. $2500. This testimony is. corroborated by the testimony of the plain tiff’s, wife who was present at the time (he sale was consummated. The plaintiff testified that .he advertised this business for sale for, the.price of $2500 in the Times Picayune., one month before he sold it to the defendant. ■; He.-.testified that Joel Robichaux had offered him $1500 cash for the business about two weeks before he sold it to the'-defendant and that he had ref used, the offer.'' This testimony is corroborated- .by the testimony of Joel Robichaux: The' plaintiff testified that Luke Ar-ceneauxl offered him $1800 for the business'-between'-.'two. and three weeks prior to- the sale .'and'-that-he-had also refused this offer. This is corroborated by the testimony of Luke Arceneaux. Without listing the various articles of the stock, fixtures and furniture it is sufficient to say the testimony in the record shows they are of a far greater value than the defendant claims he paid for them. Opposed to this testimony is that of the defendant to the effect the consideration of the sale was only $188.10.. The only testimony offered on behalf of the defendant to corroborate his testimony is that of a witness who testified the plaintiff told him he sold the place too cheap but did not tell him the amount he sold it for or of the financial arrangements. The check calling for $84 on which the defendant relies in support of his plea of estoppel contains a notation in the lower left hand corner indicating that it is the balance .of the purchase price, but the notation on its face appears suspicious. The notation was originally written in a different colored ink than that used in the body of the check and was afterwards attempted to be traced or written over with ink of the same color used in the body of the check. The defendant testified he made this check in the presence of the plaintiff and his wife at the time the sale was consummated and that while making this notation, the ink being so pale and light, Mi.Thurston furnished him with other ink at the defendant’s request to complete the; notation. The- plaintiff and his wife both-testified there was no, such notation on. the' check at the time it was' presented or: at the time it was cashed. The preponder-' anee of the testimony and the surrounding-
 
 *1042
 
 circumstances support the plaintiff’s contention.
 

 Counsel for the defendant, appellant, in his argument, contends that the plaintiff is not entitled to recover the balance due on the contract for the reason that it was to be paid out of the intake from slot and pin ball machines. The counsel cites in support of this contention Articles 2983 and 2984, R.C.C. This issue was not raised by the pleadings and there is no méntion of this issue in the appellant’s original brief filed in this Court. However, after examining the record we find that the intake from the machines forms no part of the consideration of the sale. It appears that there were machines of this-nature in the place of business at the time it was sold, but they were not owned by the plaintiff. The' plaintiff was receiving a part of the intake from these machines up to the time of the sale. Counsel lays stress on the fact that the plaintiff told the defendant the intake from these machines was of a sufficient amount to meet the payments on the balance due under the contract. The Articles of the Civil Code cited by the counsel would not be applicable under the facts in this case. The mere statement of the plaintiff’ that the intake was sufficient to meet the payments is not equivalent to an agreement that the payments are to be made from'the intake.
 

 For the reasons assigned, the judgment appealed from is affirmed • at appellant’s cost. . ■
 

 FOURNET, J., absent. -■ '